ORIGINAL

DeARCY HALL, J.

KUO, M.J.

David Simpson
**FULL NAME**

**COMMITTED NAME (if different)**
Metropolitan Detention Center
**FULL ADDRESS INCLUDING NAME OF INSTITUTION**
8029 St. Brooklyn, N.Y 11232

64489-053
**PRISON NUMBER (if applicable)**

## UNITED STATES DISTRICT COURT
Easton **DISTRICT OF** New York

David Simpson
Pro Se

**PLAINTIFF,**

v.

Warden FNU LNU, Operation and Custody
Assistant Wardens FN'sU LN'sU,
Captain FNU LNU, Operation Lieutenants
FN'sU LN'sU, Correctional
Offices' FN'sU LN'sU, of USP Canaan. **DEFENDANT(S).**

CASE **CV 17-5322**
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT
PURSUANT TO** *(Check one)*

☐ 42 U.S.C. § 1983
☒ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☒ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

RECEIVED
SEP 07 2017
PRO SE OFFICE

---

a. Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff ___David Simpson___

(print plaintiff's name)

who presently resides at __MDC Brooklyn 8029 St. Brooklyn, N.Y.__,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

__United States Penitentiary   Cannan, P.A.__

(institution/city where violation occurred)

on (date or dates)   11/22/16 to 12/07/16

          (Claim I)           (Claim II)           (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant   FNU LNU                    resides or works at

         (full name of first defendant)

         USP Canaan P.A.?

         (full address of first defendant)

         Warden

         (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

Warden FNU LNU is employed by the FBOP and is Cheif of Staff at USP Canaan.

2. Defendant   FNU LNU                    resides or works at

         (full name of first defendant)

         USP Canaan P.A.

         (full address of first defendant)

         Assistant Warden Operations

         (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

Assistant Warden FNU LNU is employed by the FBOP and is in charge of Operations at USP Canaan.

3. Defendant   FNU LNU                    resides or works at

         (full name of first defendant)

         USP Canaan P.A?

         (full address of first defendant)

         Assitant Warden Custody

         (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

Assistant Warden FNU LNU is employed by the FBOP and is in charge of Custody at USP Canaan.

4.  Defendant  FNU LNU _____ resides or works at
    (full name of first defendant)
    USP Canaan P.A. _____
    (full address of first defendant)
    Captain _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
Captain FNU LNU is employed by the FBOP and is Head of Corrections
at USP Canaan

5.  Defendant  FNU LNU _____ resides or works at
    (full name of first defendant)
    USP Canaan P.A. _____
    (full address of first defendant)
    Operations Lieutennant _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
Lieutennant FNU LNU is employed by the FBOP and is Supervisor of
daily correctional operations at USP Canaan Unit A2. Day Watch

6 . Defendant   FNU LNU _____ resides or works at
      (full name of first defendant)

       USP Canaan P.A. _____
      (full address of first defendant)

       Operations Lieutennant _____
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
Lieutennant FNU LNU is employed by the FBOP and is Supervisor of

daily correctional operations at USP Canaan Unit A2. Day Watch

7 . Defendant   FNU LNU _____ resides or works at
      (full name of first defendant)

       USP Canaan P.A. _____
      (full address of first defendant)

       Operations Lieutennant _____
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
Lieutennant FNU LNU is employed by the FBOP and is Supervisor of

daily correctional operations at USP Canaan Unit A2. Evenning Watch

8. Defendant   FNU LNU _____ resides or works at
      (full name of first defendant)

       USP Canaan P.A. _____
      (full address of first defendant)

       Operations Lieutennant _____
      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
Lieutennant FNU LNU is employed by the FBOP and is Supervisor of

daily correctional operations at USP Canaan Unit A2. Evenning Watch

9. Defendant    FNU LNU    resides or works at
(full name of first defendant)

   USP CANAAN P.A.

(full address of first defendant)

   Correctional Officer

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

Correctional Officer FNU LNU is employed by the FBOP and is number 1
in charge of daily supervising, caring for, and disciplining of inmates
at USP Canaan, Unit A2, Day Watch.

10. Defendant    FNU LNU    resides or works at
(full name of first defendant)

   USP Canaan P.A.

(full address of first defendant)

   Correctional Officer

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

Correctional Officer FNU LNU is employed by the FBOP and is numbeer 1
in charge of daily supervising, caring for, and disciplining of inmates
at USP Canaan, Unit A2. Day Watch.

11. Defendant    FNU LNU    resides or works at
(full name of first defendant)

   USP USP Canaan P.A.

(full address of first defendant)

   Correctional officer

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

Correctional Officer FNU LNU is employed by the FBOP and is number 1
in charge of daily supervising, caring for, and disciplining of inmates
at USP Canaan, Unit A2. Day Watch.

CV-66 (7/97)      **CIVIL RIGHTS COMPLAINT**

12. Defendant     FNU LNU

(full name of first defendant)                resides or works at
USP Canaan P.A.

(full address of first defendant)
Correctional Officer

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
Correctional Officer FNU LNU is employed by the FBOP and is number 1
in charge of daily supervising, caring for, and disciplining of inmates
at USP Canaan, Unit A2. Day Watch.

13. Defendant     FNU LNU

(full name of first defendant)                resides or works at
USP Canaan P.A.

(full address of first defendant)
Correctional Officer

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
Correctional Officer FNU LNU is employed by the FBOP and is number 1
in charge of daily supervising, caring for, and disciplining of inmates
at USP Canaan, Unit A2. Evening Watch.

14. Defendant     FNU LNU

(full name of first defendant)                resides or works at
USP Canaan, P.A.

(full address of first defendant)
Correctional Officer

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
Correctional Officer FNU LNU is employed by the FBOP and is number 1
in charge of daily supervising, caring for, and disciplining of inmates
at USP Canaan, Unit A2. Evening Watch.

---

CV-66 (7/97)           **CIVIL RIGHTS COMPLAINT**           Page 4d

15   Defendant   FNU LNU
_____ resides or works at
(full name of first defendant)
USP Canaan, P.A.
_____
(full address of first defendant)
Correctional Officer
_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
Correctional Officer FNU LNU is employed by the FBOP and is number 1
in charge of daily supervising, caring for, and disciplining of inmates
at USP Canaan, Unit A2. Evening Watch.

16   Defendant   FNU LNU
_____ resides or works at
(full name of first defendant)
USP Canaan, P.A.
_____
(full address of first defendant)
Correctional Officer
_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
Correctional Officer FNU LNU is employed by the FBOP and is number 1
in charge of daily supervising, caring for, and disciplining of inmates
at USP Canaan, Unit A2. Evening Watch.

## D. CLAIMS*

### CLAIM I

The following civil right has been violated:

The Plaintiff David Simpson ("Plaintiff") Fifth and Fourteenth Amendment Rights to enjoy Equal Protection of Law was violated by the named Defendants, USP Canaan's Staff; who intentionaly implemented and condoned, jointly or in concert, the institutional practice of "systematical" gross subjection to intolerable conditions of confinement, of the Plaintiff, in violation of Federal Bureau Of Prisons ("FBOP") Program Statement P5217.02 Special Management Unit, while housed at the Transit Facility located at USP Canaan, in Unit A2, in route to FCI McKean Camp, P.A.

The Plaintiff was housed at USP Canaan from November 22, 2016 to December 07, 2016 in Transit Unit A2, Cell 220.

The named Defendants collectively, jointly and/or individually intention-nally discriminated against the Plaintiff by treating him differently from other similarly situated inmates he was in Transit with.

The named Defendants collectively, jointly and/or individually

See, Page 5b, CLAIM I; Continuation, Attached hereto

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. On November 16, 2016, The Federal Bureau Of Prisons initiated the Transfer of David Simpson ("Plaintiff") from FCI Beaumont Low, Beaumont TX. to FCI McKean Camp, Bradford, P.A.

2. The first stop in transit for the plaintiff was at Oklahoma Transit Center, Oklahoma, where the plaintiff was provided a clean cell and access to cleaning supplies, access to phone calls plus emails, access to the recreation area, access to games, access to Tv's access to showers and shower slippers, and access to clean clothes.

3. At Oklahoma Transit Center, inmates are release from their individual cells between the hours of 6:00 to 7:00 am up to 9:00 pm and are only locked in during these hours for the scheduled count times.

4. The plaintiff had a cell mate at Oklahoma Transit Center who was also heading to FCI McKean, however, unlike the plaintiff who was designated to the Camp, this cell mate was designated to the Medium.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.* See, page 5d, SUPPORTING FACT: Continuation, Attached hereto

CLAIM I Continuation: ... intentionally inflicted serious psychological pain upon Plaintiff by subjecting him to unsafe conditions that posed an unreasonable risk of serious damage to his future mental health without any rational or true penalogical reasons.

The Plantiff brings this Civil Action under the Class of One Theory.

The named Defendants collective and individual wanton and unnecessary inflication of mental pain on Plaintiff, was intentional and/or deliberate indifference, because   the named Defendants systematically ignored Program Statement P5217.02, causing the deprivation of Plaintiff's basic needs, resulting in an intentional infliction of emotional distress.

The named Defendants acts are a clear violation of the Plaintiff's Eight Amendment Right, that forbids cruel and unusual punishments.

The Plaintiff files this civil rights action for damages against all Defendents individually and officially pursuant to Bivens V. Six Unknown Agents 403 U.S. 388(1971) and its progeny, due to the gross violation and deprivations of his civil right to equal protection of law, resulting in the wrongful subjection to intolerable conditions of confinement.

The FBOP Program Statements P5217.02, Special Management Unit Section 5. Conditions of Confinement, states in relevant part as follows:

> (1) Environment. Living quarters are... maintained in a sanitary condition;
> (3) Bedding. Inmates receive a mattress, blankets, a pillow, and linens for sleeping. Inmates have necessary opportunities to exchange linens.
> (4) Clothing. Inmates receive adequate institution clothing, including footwear. Inmates have the opportunities to exhange clothing or have it washed;

Page 5b

(5) Personal Hygiene. ... Inmates have the opportunity to shower and shave at least three times per week;
(7) Recreation. Inmates have the opportunity to exercise outside their individual quarters for at least five hours per week, ordinarily in one-hour periods on different days;
(11) Correspondence and Telephone Use. Inmates may correspond with persons in the community and use the telephone in accordance with 28 CFR part 540 and this Program Statement.

During the Plaintiff's sixteen (16) day stay at USP Canaan, the Plaintiff was forced by the named Defendants to live in Transit Unit A2, Cell 220 and was subjected to the following conditions:

(a) living in a cell which had thick dust and hair on the bunk, table, floor and sink along with caked urine stains on the toilet;
(b) Plaintiff did not receive change of clean/ fresh linen during his stay at USP Canaan.
(c) Plaintiff was provided one (1) clean jumper, teashirt, boxer, and pair of socks upon arrival and was only provided with a change of clothing on the tenth and last day of his stay;
(d) The Plaintiff was only allowed three (3) showers without shower shoes on November 25, December 1 & 6 respectively;
(e) The Plaintiff was deprived of any form of recreation and was lock in his cell for his entire stay, for twenty,four (24) hours a day, for sixteen (16) consecative days;
(f) The Plaintiff was deprived of any form of correspondence with family, either telephone, email, or postal mail, during his sixteem (16) day stay at USP Canaan Transit Unit.

The named Defendants displayed gross neglect and/or deficiencies in FBOP procedures when they collectively, jointly and/or individually, systematically and intentionally discriminated against the Plaintiff, by treating the Plaintiff who has minimum security status worse than the designated high level security Special Housing Unit inmates they kept in Unit A2 for punishement; worse than the high level security inmates the Plaintiff was in Transit with, who stayed in Transit Unit A1 and worse than most of the inmates in Transit at Oklahoma Transit Center.

**SUPPORTING FACTS** Continuation:

5. On November 21, 2016, the plaintiff and his cell mate were awoken at 3:00 am, fed a baloney sandwhich at 3:30 am, prep, shackled with chains at wrists and ankles.

6. At about 5:00 am the plaintiff and cell mate are place on the U.S Marshall plane for trip to USP Canaan.

7. By about 10:30 am, the plaintiff and his prior cell mate were in the custody of USP Canaan Transit Officers at Harrisburg Airport in P.A.

8. Because the U.S. Marshals plane was struck by a stair vehicle, the plaintiff and his prior cell mate did not arrive at USP Canaan until about 11:00 pm.

9. Upon arrival at USP Canaan, the inmates were process and assigned to to Transit Units according to their level of security. The plaintiff was assigned to Unit A2 which housed minimum and low custody inmates, and his prior cell mate from Oklahoma was assigned to Unit A1 which housed Medium and High Custody inmates.

10. The plaintiff was assigned to Cell 220 lower on November 22, 2016.

11. Upon entering Cell 220, the plaintiff notice that the cell was very dirty, as if it had not been cleaned in months.    There was thick dust and hair on the bunk, table, floor and sink along with caked urine stains on the toilet.

12. The plaintiff was issued a matress, toilet tissue, two blanklets, one sheet, one towel, one wash towel, and necessary personal hygiene items.

13. The plaintiff did not receive any other clothing other than that which he was wearing, issued during processing.

14. While locked in the cell and receiving lunch later that day on the 22nd, the plaintiff was told by the correctional officers that the unit was on lock down.

Page 5d

15. The plaintiff remained on lockdown for 24 hours per day without any leisure time, exercise, phone, email or postal communication with family for his entire stay at USP Canaan Transit Unit.

16. The plaintiff was fed baloney sandwhiches only from lunch time on November 22, to dinner on November 27, 2016.

17. The plaintiff was provided a shower for the first time on November 25, without any shower shoes or change of clothes. He was also  allowed showers on December 1, & 6 without shower shoes.

18. The plaintiff was provided with clean cloths for the first time on December 1, and on the last day of his stay December 7, 2016.

19. The plaintiff was not              provided with a change of bedding during his entire stay at USP Canaan.

20. The plaintiff also notice that there were inmates designated at USP Canaan who were also being housed in Transit Unit A2 as SHU inmates.

21. During the plaintiff's entire stay at USP Canaan Transit Unit, he ask every correctional officer to include the name defendants that came to his door at Cell 220, especially the #1s, at least one time; for cleaning supplies, one hour of recreation or leisure time out of the cell, phone calls, emails access, postal supplies, showers, shower shoes, clean clothes, clean bedding, administrative remedy forms, pen or pencil, to see a lieuten ant, to see the Captain, and/or to see the Warden or an Assistant Warden.

22. The # 2 correctional officers always responded that they would reffer the plaintiff's request to the #1, the named defendants.

23. The # 1 correctional officers/ named defendants always denied the plaintiff's request, and informed him that he should get use to the situation, because nothing will change, for this is how the

unit is ran, coming from the top down.

24. When ever the plaintiff notice that a lieutennant/ named defendant came on the unit, he called out to them in vain. For the named defendant always just spoke to the correctional officers and left. No lieuten ant/ named defendant came to the plaintiff's door during his rounds.

25. On one of the days during the second week of the plaintiff's stay in Transit Unit A2, about six to eight administrative staff entered the Unit A2 for what appeared to be Main Line.

26. The plaintiff became aware of their presence because the designated SHU inmates started calling out loudly for the "Warden, Captain, AW" and others present.

27. The plaintiff and other transit inmates also began to call out to the named defendants and were ignored.

28. None  of the administrative staff and /or defendants ever responded to the plaintiff or visited his Cell during their walk thru or any other time during his stay at USP Canaan.

29. The Transit Unit A2 and A1 have many cameras by which their recording can verify the plaintiff's facts/clains.

30. On December 7, 2016, at about 10:30 pm, the plaintiff was processed to be tranferred to FCI McKean in Bradford, P.A.

31. During the bus ride to McKean, the plaintiff's prior cell mate from Oklahoma and others of Medium custody levels, informed the plaintiff that they were only locked down for six days, and that they did not experience such intolerable conditions of confinement in Transit Unit A1.

32. The inmates of Unit A1 explained that they were let out of their cells at about 7:00 am and locked in for the 4:00 pm count,

and that they had access to clean clothes, bedding, showers and
showers shoes, cleaning supplies, TVs, and recreation. However they
did not have access to any form of correspondence.

33. During the sixteen days of 24 hour lock down, the plaintiff had
to rely on his spirituality to avoid breaking down like the inmate
in the neighboring cell, or lashing out at staff members.

34. The plaintiff was confined to his bunk on top of his mattress and
linens, for all other areas of the cell were very dirty.

35. The plaintiff could not exercise in cell because he would not be
able to shower after or change his clothes.

36. The plaintiff had a cell mate in Cell 220 during the sixteen day
lock down who sacrificed his teashirt in order to clean the table so
he could sit and eat.

37. The plaintiff had to struggle with his bad thoughts that came
about from the stress he was under, while at the same time, making
sure he did not get into any conflict with his cell mate who was also
highly stressed and disturbed by the conditions of the cell and
treatment they were recieving from the named defendants.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

The Plaintiff request a trial by Jury.

WHEREFORE, the Plaintiff requests that the court grant the following relief:

A. Award compensatory damages in the following amounts:

1. $100,000 jointly and severally against defendants  Warden FNU LNU, Operations and Custody Assistant Wardens' FN'sU LN'sU, and Captain FNU LNU for intentionally implementing and condoning an institutional practice, of systematic neglect or gross deficiences in FBOP procedures, depriving Plaintiff of his right to equal protection of law, by subjecting him to intolerable conditions of confinement, differently from similarly situated inmates he was in transit with.

2. $100,000 jointly and severally against defendants; Operations Lieu-tennants' FNU LNU , and FNU LNU, and FNU LNU, and FNU LNU for their intentional condoning or tacit authorization of an institutional practice, of systematic neglect or gross deficiences in FBOP procedures, and for failing to properly enforce actual standards listed in policy; resulting in the deprivation of Plaintiff's right to equal protection of law  when their subordinates subjected Plaintiff to intolerable conditions of confinement, differently from similarly situated inmates he was in transit with.

3. $100,000 jointly and severally against defendants  Correctional Officers' FNU LNU, FNU LNU,fnu lnu, FNU LNU, FNU LNU, FNU LNU, FNU LNU, and FNU LNU for their intentional systematic deprivation of Plaintiff's right to equal protection of law; when they subjected Plaintiff to intolerable conditions of confinement, differently from similarly situated inmates he was in transit with.

See, Page 6a, REQUEST FOR RELIEF: Continuation, Attached hereto

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

_09/05/2017_
(Date)

_David Z. Sol_
(Signature of Plaintiff)

B. Award punitive damages in the following amounts:

1. $1,00,000 each against defendants, Warden, Operations and Custody Assistant Wardens, Captain, Operation Lieutennents' day watch and evening watch, and Correctional Officers', # 1s, day watch and evening watch.

C. Grant such other relief as it may appear that Plaintiff is entitled.

Administrative Remedy No. 886276-A1
Part B - Response


This is in response to your Central Office Administrative Remedy
Appeal in which you allege staff misconduct.  Specifically, you
claim your civil rights were violated during transit to and while
being housed at USP Canaan.  For relief, you request disciplinary
action taken against the staff member and monetary compensation.

We have reviewed the documentation related to your appeal and, based
on this review, we concur with the manner in which the Warden and
Regional Director addressed your concerns.  Staff conduct is
governed by Program Statement 3420.11, <u>Standards of Employee
Conduct</u>, and the Bureau of Prisons takes seriously any allegation
of staff misconduct, such as those you raised in this remedy cycle.
We look into matters which may constitute inappropriate conduct and
refer them to another component of the Bureau of Prisons for
appropriate action.  The matter has been forwarded to the
appropriate Bureau component for further review.

Additionally, no inmate is entitled to be advised of the results of
any inquiry or any action pursued against staff.  You should also
be aware such reviews may or may not include interviewing you and
no inmate is entitled to be apprised of the progress, outcome, or
disposition of any review of alleged staff misconduct.  Similarly,
any action taken against staff, if any are deemed necessary, will
not be disclosed to you.

Lastly, regarding your request for compensation, Program Statement
1330.18, <u>Administrative Remedy Program</u>, does not provide such
relief.  There is a statutorily-mandated procedure in place for
addressing such a request.  Therefore, your request will not be
considered in this response.

Accordingly, this response is provided for informational purposes
only.



_____5 | 10 | 17_____                 _____

Date                                     Ian Connors, Administrator
                                         National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Simpson David     64489-053     F     FCI McKean
**LAST NAME, FIRST, MIDDLE INITIAL**          **REG. NO.**        **UNIT**          **INSTITUTION**

Part A—REASON FOR APPEAL  This is an appeal of the Regional Offices denial of my Civil Rights Complaint # 886276-R2 which I am dissatisfied with. I believe that an investigation into USP Canaan's wrongful practices is to be conducted on the Regional and/or Central levels for it to be effective. FCI McKean Staff is not in a position to conduct a proper investigation into another facilities practices. Therefore I request that this Office address the substance of my BP-9 and 10 complaints attached hereto and incorperated herein.

04/07/1977
**DATE**

David Sis
**SIGNATURE OF REQUESTER**

Part B—RESPONSE

RECEIVED

APR 17 2017

Administrative Remedy Section
Federal Bureau of Prisons

_____          _____
**DATE**                              **GENERAL COUNSEL**

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 886276-A1

Part C—RECEIPT                                CASE NUMBER: _____

Return to: _____
**LAST NAME, FIRST, MIDDLE INITIAL**          **REG. NO.**        **UNIT**          **INSTITUTION**

SUBJECT: _____

_____                    _____
**DATE**                              **SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL**

USP LVN                                                                        BP-231(13)
                                                                              APRIL 1982

SIMPSON, David
Reg. No. 64489-053
Appeal No. 886276-R2
Page One

---

## Part B - Response

You appeal the response from the Warden at FCI McKean and contend
your civil rights were violated while being housed at USP Canaan
during transit to FCI McKean.  Specifically, you claim staff
intentionally treated you differently from the other medium and high
security inmates by placing you in a different unit. You also claim
the conditions were different in your unit compared to the other unit.
You are requesting monetary compensation for this treatment.

A review of your appeal reveals the Warden adequately addressed your
complaint.  Pursuant to Program Statement 3420.11, Standards of
Employee Conduct, your allegations of staff misconduct against the
listed staff members on your Administrative Remedy have been referred
to the proper authority for investigation.  A thorough investigation
was conducted; however, the results of the investigation will not
be disclosed to you, as you are not entitled to this information.
You have not provided any additional evidence or information stating
the difference between the units for this office to investigate this
matter any further.

If you feel you have suffered from this incident and you feel you
should be compensated,  you may consider filing a tort claim pursuant
to the statutorily-mandated procedures laid out in 28 C.F.R. § 543,
subpart C, and Program Statement 1320.06, Federal Tort Claims Act.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of this
response.

Date: March 30, 2017

M. D. CARVAJAL
Regional Director

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: _David Simpson_   _64489-053_   _F_   _FCI McKean_
　　　　 LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

**Part A—REASON FOR APPEAL** This Civil Rights Complaint is being filed at the Regional level because FCI McKean can not resolve this complaint. I request that this office address my BP-9 Civil Right Complaint Remedy ID# 886276-F2 attached hereto and incorperated herein; which explains how USP Canaan Transit Center's staff intentionally supported a policy of treating me differently from the other medium and high inmates I arrived at their facility with during transit; when I was placed in Unit A2 and they were placed in Unit A1, and our conditions of confinement was very different; and when I was denied the same conditions of confinement to include privilages that were provided to me and other similarly situated inmates at the Oklahoma Transit Center, without any rational basis or true penalogical reason. I am seeking monextary compensation up to $50,000.00 Fifty Thousand Dollars for the treatment I suffered.

_02/21/2017_　　　　　　　　　　　　_David Sim_
　　　DATE　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**

See Attached Response

_____　　　　　_____
　　　　DATE　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE　　　　　CASE NUMBER: _886276R2_

**Part C—RECEIPT**

　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

SUBJECT: _____

USP LVN　　DATE　　　　　　Previous editions not usable　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL　　　BP-230(13)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　APRIL 1982

SIMPSON. David
Reg. No.: 64489-053
MCK 886276-F2

---

### Part B - Response

This is in response to your Request for Administrative Remedy received
in this office on February 16, 2017, in which you claim your civil
rights were violated while in USP Canaan.   You ask the camera
recordings be preserved, the bus procedures be re-evaluated, and
you be compensated for un-constitutional treatment.

The Bureau of Prisons is committed to the provision of a safe and
professional environment for all inmates.   Your complaint was
reviewed by the appropriate entity for an administrative inquiry.

This response is for informational purposes only.   If you are
dissatisfied with this response, you may appeal to the Regional
Director, Federal Bureau of Prisons, U.S. Custom House, 7th Floor,
2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106, within
20 calendar days of the date of this response.


K. Straesser, Acting Warden

2-16-17
Date

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Simpson , David | 64489-053 | E | McKean Camp |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**   CIVIL RIGHTS COMPLAINT -- This civil rights complaint is being submitted without a BP-8 because Unit Team cannot resolve a Civil Rights complaint, especially from another facility.  This Civil Rights Complaint is timely because staff at USP Canaan refused to provide me with a BP-8 or 9, and because it is being submitted within 21 days of my arrival at FCI McKean.

This is a civil rights complaint against USP Canaan's Warden (FNU, LNU), Associate Warden (FNU, LNU), captain (FNU, LNU), Operational Lieutennants whom were responsible for Unit A2 during my stay.  FNsU LNsU and Unit Officers 1 & 2 whom were responsible for Unit A2 during my stay FNsU LNsU; whom violated program statement #5217.02, Special Management Unit, § 5 - Conditions of Confinement, a. (1),(4),(5),(7), & (11), during my 16 day transit stay at their facility; thereby violating my Fifth and Fourteenth Amendment Rights to Equal Protection; when they treated me differently from other inmates in transit at Oklahoma Transit Center; and when failed to provide me with any administrative remedy forms, violating my First Amendment Right to Petition the government for greivances; all without any true penalogical reasons.

FACTS

1.   On November 16, 2016, the BOP initiated my transit from FCI Beaumont Low, Beaumont, TX to FCI McKean Camp in Bradford, Pa.  **CONTINUED ON NEXT PAGE**

| 12/18/2016 | David Simp |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

WARDEN'S OFFICE
FEB 16 2017
FCI MCKEAN, BRADFORD, PA

WARDEN'S OFFICE
DEC 19 2016
FCI MCKEAN, BRADFORD, PA

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                   CASE NUMBER: _____

**Part C– RECEIPT**                                              CASE NUMBER: 886274

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

USP LVN                    Previous editions not usable                    BP-229(13)
APRIL 1982

**Page 2**

2.  The first stop was at Oklahoma Transit Center, Oklahoma, where I was provided a clean cell and access to cleaning supplies, access to phone calls and e mails, access to rec. area, access to games, access to TVs, access to showers and shower slippers, and access to clean clothes.

3.  On November 21, 2016, I was awoken at 3:00 am, fed a balony sandwhich at 3:30 am, prep, shackled with wrist and ankles in chains at about 5:00 am for my trip from Oklahoma Transit Center to USP Canaan Transit Center by phone with the U.S. Marshalls.

4.  By about 10:30 am, I was in the custody of USP Canaan Transit Officers at Harrisburg Airport in Pa.

5.  Before the Marshal's plane could depart for its return trip to Oklahoma, a stair vehicle struck the back of the plane causing the Marshals to ground the plane until it could be repaired.  The US Marshals then informed Canaan Officers of the incident and the resolution of awaiting another plane to be flown in from Oklahoma.

6.  Because of the plane incident, I was stuck on the USP Canaan transfer bus until about 11:00 pm that night, shackled, was given gram crackers with peanut butter and jelly as a meal, tired, scared and forcefully holding my bowel movements because medium and high inmates were on the bus bragging about their battles, about who stabbed who, and who they stabbed, decided and threatened that no one on the bus was going to deficate on the bus to make the long stay on the bus intolerable.  One inmate did deficate on himself while the bus was approaching USP Canaan.

7.  On November 22, 2016, inside USP Canaan Transfer Center, I was assigned to Unit A2, Cell 220L.

8.  Cell 220 was very dirty and appeared to have not been cleaned in months.  For the toilet had caked urine stains all over it, and the bunk, table, floor and sink had thick dust and hair all over them.

9.  At lunch time on November 22, I found out that my unit was on lockdown.  I remained on lockdown for 24 hours a day without any leisure time, phone or e mail communication for my entire stay at Canaan.

10.  From lunch time on November 22, to dinner on November 27, I was fed baloney sandwhiches.

11.  During the lockdown of 16 days, I was given showers only on November 25, and December 1 & 6.  I had to take showers without any shower slippers or don't take the shower at all.

12.  I was provided clean clothes for the first time on December 1, and then on December 7, 2016.

13.  During my stay, I constantly asked for a pencil and BP-8 or 9, and was only provided a pencil on December 3, 2016.

14.  During my entire stay at USP Canaan Transfer Center, I asked every officer that came to my door at 220 at least one time for cleaning supplies, one hour of leisure time, phone calls, access to e mails, shower slippers, and a BP-8 or 9; and I was denied every time.

15.  On December 7, 2016, at about 10:30 pm, I was processed to be transferred to FCI McKean in Bradford, Pa.  On the way during the bus ride, inmates housed in Unit A1 Canaan informed me that they were only on lockdown for six days.

## REQUEST

I.  I request that USP Canaan preserve the camera recordings of Units A1 & A2 to support my claims, and that these recordings be used to verify my claims.

II.  I request that USP Canaan re-evaluate their emergency bus proceedures.

III.  I request that USP Canaan cease and desist their practice of violating Program Statement P5217.02 § 5 .

IV.  I request that I be compensated for the un-constitutional treatment that I suffered.

I David Simpson declare under penalty of perjury that the facts above are true and Correct to the best of my recolection, 12/18/2016, David Simpson